UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD DAY,<br><br>                Petitioner,<br><br>v.<br><br>WARDEN JOHANNA SMITH (ISCI),<br><br>                Respondent. | Case No. 1:10-CV-00146-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter are Respondent's Motion for Summary Dismissal (Dkt. 12) and Petitioner's Motion for Appointment of Counsel (Dkt. 15). Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 11.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Having reviewed the Motion for Summary Dismissal, the Response, and the Reply, the Court has considered whether appointment of counsel for Petitioner is warranted. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER - 1**

In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).

Under the circumstances, the Court finds that a hearing is unnecessary, the issues are not novel or complex, and that appointment of counsel would not significantly aid the Court in the decisionmaking process. As a result, the Motion for Appointment of Counsel will be denied.

## BACKGROUND

Petitioner Donald Henry Day, Jr., was originally charged with five felonies in a criminal case in the Second Judicial District Court in Lewiston, Nez Perce County, Idaho. Petitioner was 21 years old when he committed the crimes, and 24 years old when he was sentenced. At the time of sentencing, Petitioner had an active warrant outstanding from the state of Washington, and had pled guilty to lewd conduct with a child in the state of Utah. (State's Lodging B-4, pp. 1-3.)

The Idaho Court of Appeals summarized the procedural history of Petitioner's case as follows:

> Day was originally charged with three counts of rape and two counts of lewd conduct with a minor chid under sixteen. Pursuant to an I.C.R. plea agreement, Day pled guilty to one count of rape, and the remaining charges were dismissed. After reviewing the presentence investigation (PSI) report and the sex offender evaluation, the district court rejected the Rule 11 plea agreement and permitted Day to withdraw his guilty plea. Day then failed to appear for his jury trial and a bench warrant was issued for his arrest.

**MEMORANDUM DECISION AND ORDER - 2**

> Approximately two years later, Day was arrested on the bench warrant and his trial was reset. Day again pled guilty to one count of rape and the remaining counts were dismissed. The state also agreed not to refile a burglary charge and represented that the State of Washington would not file additional charges against Day based upon the facts of the case. An updated PSI report and sex offender evaluation were prepared on Day. The district court imposed a unified life sentence with twenty years fixed.

(*Id.*, pp. 1-2.) Petitioner's judgment of conviction was entered on July 26, 1995. (State's Lodging A-1, pp. 96-97.)

Petitioner filed a direct appeal challenging the length of his sentence, which was heard by the Idaho Court of Appeals. After the Court of Appeals affirmed the judgment and conviction, the Idaho Supreme Court denied review on August 5, 1996. (State's Lodgings B-1 to B-7.) Petitioner had 90 days, ending November 3, 1996, to file a petition for writ of certiorari with the United States Supreme Court. However, because Petitioner did not file anything further, his judgment became final on that date.

Petitioner filed a post-conviction application twelve years later, on January 23, 2008. (State's Lodging C-1, pp. 3-9.) The state district court ultimately determined that the application was untimely. (*Id.*, pp. 44-58.) Petitioner filed a notice of appeal, but his appointed counsel filed an affidavit stating there were no meritorious issues for appeal. Thereafter, Petitioner voluntarily dismissed the appeal. (State's Lodgings D-1 to D-6.)

In his federal Petition, Petitioner brings the following claims: ineffective assistance of counsel regarding Petitioner's plea agreement, ineffective assistance of counsel and

**MEMORANDUM DECISION AND ORDER - 3**

denial of the right to remain silent during a psychological evaluation for sentencing,[1] and a sentence that amounts to cruel and unusual punishment.

## REVIEW OF PETITION

**1.     Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events:

---

[1] Petitioner refers to *Estrada v. State*, 149 P.3d 833 (Idaho 2006), as a United States Supreme Court case, but it is an Idaho Supreme Court case. In *Estrada*, the Idaho Supreme Court held that the Sixth Amendment guaranteed the right to the assistance of counsel for advice regarding participation in a psychosexual evaluation for purposes of sentencing. *Id.* at 838. The *Estrada* Court further clarified that this right "does not necessarily require the *presence* of counsel during the exam." *Id.* at 838 (italics in original).

**MEMORANDUM DECISION AND ORDER - 4**

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

However, once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223

**MEMORANDUM DECISION AND ORDER - 5**

F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, no. 3 (9th Cir. 1999).

**2.      Discussion**

Petitioner's judgment became final on November 3, 1996, when the time period for filing a petition for writ of certiorari expired. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Petitioner's federal habeas corpus statute of limitations began to run at that time, ending one year later, on November 3, 1997. Petitioner did not file any state post-conviction action that would have statutorily tolled the limitations period before it expired.

Petitioner filed a post-conviction application on January 23, 2008, too late to statutorily toll the federal statute of limitations. (State's Lodging C-1, pp. 3-9.) The state district court dismissed the application as untimely under state law. (*Id.*, pp. 44-58.)

Because he was convicted *before* AEDPA was enacted, Petitioner questions the "constitutional legality" of applying the AEDPA statute of limitations to his case. Respondent correctly counters, that because AEDPA merely limits the circumstances under which inmates may collaterally attack their convictions, it is constitutional and does not violate ex post facto principles. Courts addressing this issue uniformly have concluded AEDPA "neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict"; therefore, AEDPA's application to a petition filed after AEDPA's enactment that contains a challenge to a conviction predating AEDPA does not violate the Ex Post Facto Clause. *See Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000) (quoting *Dobbert v. Florida*, 432 U.S. 282, 293 (1977)).

Accordingly, because Petitioner filed his Petition for Writ of Habeas Corpus *after* the enactment of AEDPA, the AEDPA statute of limitation applies to his case. *Williams v. Taylor*, 529 U.S. 420, 429 (2000). In any event, the AEDPA statute of limitations begins on the date a conviction *becomes final*, not the date of the conviction. The AEDPA statute was enacted on April 24, 1996, and Petitioner's conviction became final after that date, on November 3, 1996. Accordingly, Petitioner's 2008 post-conviction filing was many years too late to toll the statute, which expired on November 3, 1997.

Petitioner also argues the merits of his claims, for example, that insufficient evidence existed to convict Petitioner, and, had he not pleaded guilty, he would not have been convicted at trial. This is not the appropriate setting to make such an argument. The timeliness question is a threshhold issue, meaning it must be met before the Court can consider the merits of the claims.

Petitioner further argues that his judgment is not final because restitution has not yet been set. His judgment of conviction reads: "IT IS FURTHER ORDERED that Defendant shall make restitution to the victim in an amount to be determined at a later date." (State's Lodging A-2, p. 97.) However, for federal habeas corpus purposes, a petitioner must allege that his custody is unlawful, not simply that the restitution portion of his sentence is unlawful; a mere challenge to restitution is "insufficient to confer jurisdiction over [the] habeas petition." *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010). Therefore, whether Petitioner's restitution was ever reduced to a sum certain is not of concern in this habeas corpus action. Under *Bailey v. Hill*, the Court concludes that the uncertainty of the restitution amount does not affect finality of the judgment under which Petitioner has been serving his sentence for the past 16 years. In any event, if the Court were to adopt Petitioner's argument that judgment is not final, then Petitioner's claims would not be ripe for federal habeas corpus review.

Petitioner also argues that he is not challenging his conviction, only his sentence. However, the time frame for doing so remains the same. Under AEDPA, all challenges to unlawful custody arising from a final state-court judgment–whether a conviction or

sentence challenge–must be brought in the same petition within the statute of limitations period. *See* 28 U.S.C. § 2244(b) & (d).

Petitioner also argues that ineffective assistance of trial counsel caused the untimeliness of his Petition. While an "extraordinary" instance of attorney failure can be grounds for equitable tolling, the attorney's conduct must amount to "far more than 'garden variety' or 'excusable neglect.'" *Holland v. Florida*, 130 S.Ct. at 2564. Petitioner has failed to show any causal link between the action of his trial counsel, and the untimeliness of his federal Petition. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner's other arguments address the procedural default issue. The Court will not address either Respondent's arguments in favor of procedural default, or Petitioner's arguments in opposition, given that the timeliness bar alone prevents the Court from hearing Petitioner's claims.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION
## FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

Upon dismissal or denial of a habeas corpus petition, the Court is required to evaluate the claims within the petition for suitability for issuance of a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases. A petitioner's appeal cannot proceed without obtaining a COA and filing a timely notice of appeal.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing

**MEMORANDUM DECISION AND ORDER - 10**

himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus is DISMISSED with prejudice.

2. Petitioner's Motion to Appoint Counsel (Dkt. 15) is DENIED.

3. The Court will not grant a certificate of appealability in this case. If Petitioner files a notice of appeal, the Clerk of Court is directed to forward a copy of this Order and Petitioner's notice of appeal, together with the district court's case file, to the United States Court of Appeals for the Ninth Circuit.

DATED: **June 14, 2011**

Honorable Ronald E. Bush
U. S. Magistrate Judge